UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO ISIDRO ENRIQUEZ,<br><br>Petitioner,<br><br>v.<br><br>W.L. MONTGOMEREY, Warden,<br>Calipatria State Prison,<br><br>Respondent. | No. 1:18-cv-01663-DAD-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION**<br><br>**(Docs. 1, 9)** |

Petitioner, Emiliano Isidro Enriquez, proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, W.L. Montgomery, Warden of Calipatria State Prison, moves to dismiss the petition because Petitioner has an appeal pending before the California Court of Appeal. The undersigned agrees that the petition is premature and recommends that the Court grant Respondent's motion to dismiss.

**I.**     **Procedural Background**

On December 26, 2015, Petitioner was convicted of first-degree murder and being a felon in possession of a firearm. A gang special circumstance, gang enhancement, and firearm enhancement were found true. On the firearm conviction, Petitioner was sentenced to a prison term of three years, plus four years for the gang enhancement. On the first-degree murder conviction,

1

Petitioner was sentenced to a consecutive term of life without the possibility of parole, plus a consecutive twenty-five years to life term for the firearm enhancement. On February 22, 2018, the California Court of Appeal affirmed the judgment. The California Supreme Court denied review on May 23, 2018.

On August 20, 2018, Petitioner filed a motion to recall and remand to the trial court for resentencing. On December 21, 2018, the Court of Appeal vacated its February 22, 2018, opinion and granted Petitioner's application for recall and remand to the trial court for resentencing.

Petitioner filed his petition before this Court on December 6, 2018. (Doc. 1.) Respondent filed a motion to dismiss on February 8, 2019. (Doc. 9.) Petitioner did not file a response to the motion to dismiss.

## II.     Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. *O'Bremski v. Maas*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); *Hillery v. Pulley*, 533 F. Supp. 1189, 1194, n. 12 (E.D.Ca. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. *Hillery*, 533 F. Supp. At 1194, n. 12.

2

Here, Respondent's motion to dismiss addresses Petitioner's case that is pending in state court. The relevant material facts are found in copies of the official records of the state judicial proceedings which have been provided by the parties and as to which there is no factual dispute. The Court will review Respondent's motion to dismiss pursuant to its authority under the Rule 4 of the Rules Governing Section 2254 Cases.

**III.** *Younger* **Abstention**

Respondent asks the Court to dismiss the present action because Petitioner has an appeal challenging his conviction before the California Court of Appeal.

Pursuant to principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts will abstain if the state proceeding: (1) is currently pending, (2) involves an important state interest, and (3) affords the petitioner an adequate opportunity to raise constitutional claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994).

Further, a petitioner must exhaust his available state remedies for federal habeas relief to be granted. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a

full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

For purposes of *Younger*, abstention state proceedings are deemed ongoing until state appellate review is complete. *Steffel v. Thompson*, 415 U.S. 452, 462 (1974). Here, Petitioner does not dispute that at the time the petition was filed, state proceedings were ongoing. The court of appeal granted Petitioner's application for recall and remand to the trial court for resentencing. California has an important interest in passing upon and correcting violations of a defendant's rights. *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2002) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). Further, there is no reason to believe, and Petitioner has not raised any allegations, that the state appellate court and state supreme court are not adequate forums for Petitioner to seek relief. Indeed, Petitioner has availed himself of those state remedies.

### IV. Conclusion and Recommendation

Based on the foregoing, the undersigned hereby recommends that the petition be DISMISSED WITHOUT PREJUDICE as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's

order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 5, 2019**                                  /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE